# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al.*[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br>(Jointly Administered)<br><br>**Objection Deadline: 3/24/2025 at 4:00 pm ET**<br>**Related D.I.: 1040** |

## CHAPTER 7 TRUSTEE'S SECOND NOTICE OF SETTLEMENT OF AVOIDANCE CLAIMS WITH GROSS TRANSFERS EQUAL TO OR LESS THAN $500,000.00 PURSUANT TO THE SETTLEMENT PROCEDURES ORDER

George L. Miller, the Chapter 7 trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al*. ("Trustee"), by and through his undersigned counsel, hereby files this *Second Notice of Settlement of Avoidance Claims With Gross Transfers Equal to or Less Than $500,000.00 Pursuant to the Settlement Procedures Order* (the "Notice") pursuant to the *Order Approving Procedures Regarding Settlements of Avoidance Claims Pursuant to Bankruptcy Rule 9019(b)* (the "Settlement Procedures Order") [D.I. 1040] entered on February 4, 2025, and avers as follows:

1.   Commencing on or about December 17, 2024, and continuing thereafter until December 20, 2024, the Trustee sent demand letters to certain potential defendants for the avoidance and recovery of transfers avoidable under Chapter 5 of title 11 of the United States Code (the "Avoidance Claims").

---

[1]   The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23- 10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

2. Pursuant to the Settlement Procedures Order, Avoidance Claims with gross transfers equal to or less than $500,000.00[2] are subject to Notice of Settlement Procedures[3]. Under these Notice of Settlement Procedures, the Trustee may file notices of settlement subject to notice and a seven (7) day objection period. Pursuant to the Settlement Procedures Order, notice shall be served on the U.S. Trustee and counterparties to a settlement. Such notice, along with notice of electronic filing issued through the Court's Electronic Filing System, shall constitute adequate and sufficient service of the Notice of Settlement.

3. As set forth in the Settlement Procedures Order, if an objection is filed, the objecting party and the Trustee shall confer, and should the objection not be resolved, set the objection for hearing at the next regularly scheduled omnibus hearing.

4. As provided in the Settlement Procedures Order, if no objections are properly filed and served by the objection deadline, the Trustee is authorized to submit a proposed form of order under certification of counsel (the "Proposed Order"). A proposed settlement will be deemed final and fully authorized by the Court upon the entry of the Proposed Order without further notice or hearing.

5. The Trustee has negotiated settlements of certain Avoidance Claims identified on Exhibit A attached hereto. Exhibit A contains the name of each such potential defendant (each a "Defendant"), the total transfers sought against each Defendant, the amount paid or to be paid by each Defendant to the Trustee in settlement of the Avoidance Action, and a summary of asserted defenses and rationale for settlement (each a "Proposed Settlement").

---

[2] As indicated in the Settlement Procedures Order, Avoidance Claims with gross amounts greater than $500,000.00, the Trustee shall seek Court approval of the proposed settlement pursuant to Bankruptcy Rule 9019(a).

[3] Capitalized terms not defined herein shall have the meanings ascribed to such terms in the *Motion for Approval of Procedures Regarding Settlements of Avoidance Claims Pursuant to Bankruptcy Rule 9019(b)* [D.I. 1034] and/or the Settlement Procedures Order.

6. For each Proposed Settlement identified on Exhibit A, the Trustee believes that the Proposed Settlement is in the best interest of the creditors taking into account the efficacy of the defenses raised by the respective Defendant. Additionally, given the known cost of further pursuing the matter, the Trustee has determined that the net result to creditors would be greater through the Proposed Settlement than through further litigation.

7. The Trustee has approved each of the Proposed Settlements.

8. Notice of the Proposed Settlements has been provided as required in the Settlement Procedures Order.

9. Absent any objections, on or before the Objection Deadline, the Trustee shall file a certification of counsel seeking entry of the Proposed Order for the settlements listed on Exhibit A.

Dated: March 17, 2025
Wilmington, Delaware

**SAUL EWING LLP**

 */s/ Evan T. Miller*
Evan T. Miller (No. 5364)
1201 North Main Street, Suite 2300
Wilmington, DE 19801
Tel.: (302) 421-6800
Facsimile: (302) 421-6813
E-mail: evan.miller@saul.com

*Special Counsel to George L. Miller, the Chapter 7 Trustee of the Bankruptcy Estates of Akorn Holding Company LLC et al.*